# EXHIBIT 13

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| [redacted] | [redacted] |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| [redacted] | [redacted] | /1954 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Hughes Hubbard & Reed LLP | More than 300 | (212) 837-6000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| One Battery Park Plaza | New York, NY 10004 | New York |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ AGE<br>☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify) | EARLIEST (ADEA/EPA)    LATEST (ALL)<br>October 25, 2022<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 1-6-23  Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
6th day of January, 2023

1261947 v1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
-------------------------------------------------------------------------X

JAMES W. DABNEY,

                             Charging Party,         Charge No.

        - and -

HUGHES HUBBARD & REED LLP,

                             Respondent.
-------------------------------------------------------------------------X

STATE OF NEW JERSEY  )
                           : ss.:
COUNTY OF BERGEN    )

        JAMES W. DABNEY, being duly sworn, deposes and says:

        1.     I am the Charging Party in this matter. I submit this Affidavit in support of my Charge of discrimination. I believe that Hughes Hubbard & Reed LLP ("HHR" or the "Firm") has discriminated against me because of my age as set forth in this Affidavit.

        2.     My date of birth is ▇▇▇▇ 1954.

        3.     HHR is a New York limited liability partnership having approximately 300 employees.

        4.     Between September 2, 2014, and December 31, 2021, I was one of a group of approximately 75-85 people who had the title Partner at HHR.

        5.     The management of HHR, including determinations of ownership share interests, is reposed in an Executive Committee comprising a COO and approximately 10 people who have the title Partner. I have never been a member of the HHR Executive Committee.

1258503v1

6.  The Firm has a defined benefit pension plan, the Partners' Pension Plan of Hughes Hubbard & Reed LLP (the "Plan").

7.  The Plan defines Normal Retirement Age as being Age 65.

8.  I turned 65 on ▆▆▆▆ 2019.

9.  Under the Plan, my Normal Retirement Date was ▆▆▆▆ 2019; however I did not receive any pension benefits during any of the years 2019, 2020, or 2021.

10. I retired from HHR effective January 1, 2022.

11. On January 24, 2022, HHR sent me a letter (the "January 24 Letter") which stated, among other things, that my monthly retirement benefit was $3,113.83 if I elected the 75% joint survivor annuity option. My wife and I signed and returned this election.

12. On February 25, 2022, after my wife and I had already signed and returned the pension election forms which had accompanied the January 24 Letter, HHR sent me an e-mail ("February 25 e-mail") stating that the Firm was cutting my monthly pension benefit by $417.50 per month, or by approximately 13.4%, to $2,696.83.

13. According to the February 25 e-mail, when I attained age 65 on ▆▆▆▆ 2019, the Firm intentionally discriminated against me, as compared with younger Plan participants, by sending me what it called a "Suspension of Benefits Notice."

14. I never received any so-called "Suspension of Benefits Notice" and HHR, despite multiple requests, has failed to produce any such purported notice.

15. The Firm's reference to a non-existent "Suspension of Benefits Notice" appears to be an attempt to bring itself within the exception to age discrimination liability set forth in 29 U.S.C. § 623(i)(3), which provides in relevant part (emphasis added):

1258503v1

2



> In the case of any employee who, as of the end of any plan year under a defined benefit plan, has attained normal retirement age under such plan . . . if distribution of benefits under such plan with respect to such employee has not commenced as of the end of such year in accordance with section 1056(a)(3) of this title and section 401(a)(14)(C) of Title 26, and the payment of benefits under such plan with respect to such employee is not suspended during such plan year pursuant to section 1053(a)(3)(B) of this title or section 411(a)(3)(B) of Title 26, then any requirement of this subsection for continued accrual of benefits under such plan with respect to such employee during such plan year shall be treated as satisfied to the extent of any *adjustment in the benefit payable under the plan during such plan year attributable to the delay in the distribution of benefits after the attainment of normal retirement age*.

16. Consistently with the above-quoted statute, the $3,113.83 monthly benefit stated in HHR's January 24 Letter to me actuarially adjusted my monthly benefit from age 65 to age 67.

17. In contrast, the $2,696.33 monthly benefit stated in HHR's February 25 e-mail does not contain any actuarial adjustment of my delayed pension benefit. On its face, the February 25 e-mail reflects intentional age discrimination under the above-quoted statute.

18. The Firm's reference to a purported "Suspension of Benefits Notice" appears to be an attempt to escape liability under the clause quoted above, "if . . . the payment of benefits under such plan with respect to such employee is not suspended during such plan year pursuant to section 1053(a)(3)(B) of this title or section 411(a)(3)(B) of Title 26."

19. The Firm's "Suspension of Benefits" theory is false and sham.

20. The Plan specifically addresses the subject of "suspension of benefits," in Section 5.2 thereof; and that section does not authorize "suspension" of benefits owed to a Participant who, like me, had not yet commenced receiving pension benefits.

1258503v1

3



21. Equally importantly, a legally effective "notice" of a "suspension" of pension benefits would have had to have been sent to me by personal delivery or first class mail and to have contained specific information including "a general description of the plan provisions relating to the suspension of payments, and a copy of such provisions, and a statement to the effect that applicable Department of Labor regulations may be found in § 2530.203-3 of the Code of Federal Regulations." 29 C.F.R. § 2530.203-3(b)(4).

22. Despite multiple requests since February 25, 2022, HHR has persistently failed to produce any copy or contemporaneous record of the purported "Suspension of Benefits Notice" it relies on to escape age discrimination liability. The actuarial adjustment in the January 24 letter is powerful evidence that no such purported "suspension" notice – which the Plan would not have authorized – was ever sent.

23. Through counsel, by letter dated June 15, 2022, I requested that HHR pay the $3,113.83 monthly benefit set out in the January 24 Letter.

24. The Firm denied my request for benefits by letter dated June 28, 2022.

25. Through counsel, I appealed the denial of benefits by letter dated August 26, 2022. In my appeal letter, I asserted that the reduction in benefits violated the ADEA.

26. The Firm denied my appeal by letter dated October 25, 2022.

JAMES W. DABNEY

Sworn to before me this
6th day of January, 2023.

Notary Public

1258503v1

