UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES W. DABNEY,<br><br>                    Petitioner,<br><br>v.<br><br>HUGHES HUBBARD & REED LLP,<br><br>                    Respondent. | 1:23-mc-78-MKV<br><br>**ECF CASE**<br><br>**DECLARATION OF CHRISTINA PAKIDIS IN SUPPORT OF RESPONDENT'S OPPOSITION TO CLAIMANT'S PETITION FOR AN ORDER TO SHOW CAUSE IN AID OF ARBITRATION** |

Christina Pakidis, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury, that the following is true and correct:

1. I am currently employed as the Pension Manager at Hughes Hubbard & Reed LLP ("HHR" or the "Firm"). I am fully familiar with all the facts stated herein and make this Declaration on personal knowledge.

2. I submit this Declaration in support of Respondent's Opposition to Claimant's Petition for an Order to Show Cause in Aid of Arbitration.

3. I began working as the Pension Manager for HHR on September 8, 2020. In that role I manage day-to-day administration of the Firm's pension plans, including the Partners' Pension Plan of Hughes Hubbard & Reed (the "Partners' Plan").

4. From May 26, 2015 (based on the Service Agreement I have seen and worked with, what I was told when I joined HHR, and from my own experience from the time I joined

1

HHR in 2020) until January 31, 2021, Wells Fargo Bank, N.A. ("Wells Fargo") was a service provider to the Partners' Plan pursuant to a Defined Benefit Service Agreement between Wells Fargo and the Firm (the "Service Agreement").

5. Under the Service Agreement, Wells Fargo was responsible for sending Notices of Suspension of Benefits to Partners' Plan participants who were attaining 65 years of age, and who had not yet retired from HHR. More specifically, Wells Fargo was responsible for sending a Notice of Suspension of Benefits to each such participant by first class mail at the address on file with Wells Fargo for that participant, during the month the participant attained age 65. HHR provided Wells Fargo with addresses and dates of birth for Partners' Plan participants. The form of these notices is attached hereto as Exhibit 1. It is my understanding that Wells Fargo routinely generated and sent these notices in accordance with the Service Agreement, and Wells Fargo has reconfirmed that to HHR in 2023. I am not aware of any time that Wells Fargo failed to mail a timely Notice of Suspension of Benefits pursuant to the Service Agreement.

6. It was not Wells Fargo's practice to keep copies of Notices of Suspension of Benefits that it mailed out to pension plan participants for more than 180 days. Rather, for longer-term record keeping, Wells Fargo's regular practice in the ordinary course of business was to maintain, along with the template attached as Exhibit 1, lists of the plan participants to whom Notices of Suspension of Benefits were mailed, showing them by Social Security number and the date on which the Notice of Suspension of Benefits was mailed to that person.

7. On February 24, 2023, Wells Fargo represented to the Firm that such a list, attached as Exhibit 2, created and maintained by Wells Fargo in the regular course of its business as service provider for the Partners' Plan, shows that Wells Fargo sent a Notice of Suspension of Benefits by first class mail on October 3, 2019 to James W. Dabney. The list identifies Mr.

Dabney by his Social Security number, which, according to information given to Wells Fargo by HHR, was xxx-xx-■■■, and is highlighted in Exhibit 2. The practice was to supply addresses to Wells Fargo from HHR payroll records, and that address for Mr. Dabney was ■■■■■■■■■■■■■■■■.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 10, 2023
New York, New York

*Christina Pakidis*

Christina Pakidis