UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES W. DABNEY,<br><br>       Petitioner,<br><br>v.<br><br>HUGHES HUBBARD & REED LLP,<br><br>       Respondent. | 1:23-mc-78-MKV<br><br>**ECF CASE**<br><br>**SECOND DECLARATION OF THEODORE V.H. MAYER, ESQ. IN OPPOSITION TO CLAIMANT'S REQUEST FOR AN INJUNCTION IN AID OF ARBITRATION** |

  Theodore V.H. Mayer, Esq. declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

  1.  I began my legal career at Hughes Hubbard & Reed LLP ("HHR" or the "Firm") in 1977 and became a member of the Firm in 1985. I became the Managing Partner of the Firm in 2011 and became Chair of the Firm in 2017. I am fully familiar with all the facts stated herein and make this Declaration on personal knowledge.

  2.  I submit this Declaration further to my Declaration of April 10, 2023 (Dckt. No. 14) ("Mayer Decl.") and in support of Respondent's Opposition to Claimant's Petition for an Injunction in Aid of Arbitration.

  3.  The Firm opposes Petitioner's request that he be allowed continued access to the Firm's email, telephone and Citrix system pending arbitration of his pension dispute with the Firm, because the status of Retired Partner at HHR is reserved for those who do not continue to practice law in the name of the Firm. Should a partner wish to retire and receive return of his or her capital but continue to practice law with the Firm, then that partner may become Senior Counsel and enter an agreement with the Firm regarding compensation for client endeavors. As

Senior Counsel, former partners remain subject to the administrative rules of the Firm, including but not limited to bar requirements, investment restrictions and conflict avoidance obligations. Unlike other Retired Partners, Mr. Dabney declared himself a Retired Partner but continued to practice law in the name of HHR and has expressed an intention to continue to do so.  As set forth below, the Firm has on no less than seven occasions invited Mr. Dabney to discuss his interest in continuing practicing law in the name of the Firm.  It has also offered Mr. Dabney the opportunity to assume Retired Partner status but to continue to service his client relationships apart from the Firm as a solo practitioner.  Those efforts have been rejected by him.  The Firm is not willing to treat Mr. Dabney differently from other Retired Partners nor to have him in a status different from other former partners who wish to continue to practice under the obligations and oversight of the Firm.  We are concerned that Mr. Dabney is continuing to act in the Firm's name, yet seemingly feels no obligation to account for his time, no obligation to report on his activities, no obligation to transfer his clients and their matters to others who are not retired, and no obligation to follow the various basic rules of the Firm.

4. On November 14, 2017, at a time when Mr. Dabney was an active partner of the Firm, HHR adopted Policy Memorandum No. 3, which modified the then-existing one-category retirement status of "Counsel to the Firm" to two categories: Retired Partners and Senior Counsel.  The purpose of the change was to free retirees who ceased practicing law altogether from bar requirements and investment and other administrative requirements of the Firm by allowing them to elect the status of Retired Partner. For those that wished to retain some active status with the Firm but not in the capacity of partner, the category of Senior Counsel was created.  Senior Counsel who wished to continue to serve clients and wish to be paid negotiate with the Firm the compensation arrangement for those efforts. Other Senior Counsel hold that

status but receive no compensation for it.  In the years since the adoption of Policy Memorandum No. 3 while there have been other modifications to that memo, there has been no change in the two categories of retiree status.

5.　　On June 25, 2021 I received communication from Mr. Dabney stating that he intended to retire as of January 1, 2022.  Mayer Decl. Ex. 3.  I was surprised to hear that news.  In his letter Mr. Dabney indicated that he would remain available "post-retirement" to "assist lawyers in the Firm on such terms as we may mutually agree" and that "[b]eing a Retired Partner of the Firm will be a continuing source of satisfaction."  This caused me to believe that Mr. Dabney remained interested in continuing to practice law at HHR.

6.　　In or about October 2021, I and Gerard Cruse, the Firm's Chief Operating Officer, paid a visit to Mr. Dabney at his home in Ridgewood, N.J.  At that time Mr. Dabney was working on several client matters where there was an interest in continuing his involvement.  During this meeting, we discussed with Mr. Dabney his interest and willingness to continue practicing with the Firm.  We made clear that Mr. Dabney could not continue practicing if he assumed Retired Partner status but could do so as Senior Counsel.  Mr. Dabney expressed discontent with the term Senior Counsel and mentioned his awareness of the title "Of Counsel" at Sullivan & Cromwell.  I told Mr. Dabney that, while his formal status under the Firm's rules would be Senior Counsel, I thought use of that title was possible and we agreed to work to come to an agreement regarding his continued practice with the Firm.

7.　　Between October 21, 2021 and November 9, 2021, Mr. Dabney and the Firm had a series of communications about the terms of an agreement regarding his continued relationship as set forth in the Second Declaration of James W. Dabney (Dckt. No. 12) at Exhibits 3, 4, 5 and 6.

8. On November 12, 2021 in an email exchange with Mr. Dabney, I advised him, in relevant part, that the term Retired Partner referenced one "who has severed formal connections and has no access to firm systems." Mr. Dabney responded two minutes later: "It's OK. I give thanks every day for what I have." (Mayer Decl. Ex. 5.)

9. On November 15, 2021 the Firm and Mr. Dabney entered into an agreement for his continued services under the title of "Of Counsel" (the "Retainer Agreement"). The "Initial Term" was from January 1 through December 31, 2021 with the right to continue the Agreement thereafter on a month-to-month basis or either party could terminate the Agreement on 60 days' notice. (Mayer Decl. Ex. 4.)

10. In April 2022 a dispute arose between Mr. Dabney and the Firm regarding the calculation and payment of his pension benefits. Pursuant to the terms of the Partners' Pension Plan, Mr. Dabney appealed the Firm's decision as to the dispute to the Administrative Committee, which issued a determination on June 28, 2022. (Mayer Decl. Ex. 6.) Mr. Dabney appealed that action to the Investment Committee, which issued a determination on October 25, 2022. (Mayer Decl. Ex.7.) Mr. Dabney has submitted this dispute to arbitration. The parties are awaiting the appointment of an arbitrator.

11. As recounted below, from November 3, 2022 through March 17, 2023, the Firm made no fewer than seven attempts to discuss with Mr. Dabney his continuing to practice law with the Firm in an Of Counsel role:

> i. **November 3, 2022:** I contacted Mr. Dabney's counsel and asked if the Firm's Chief Operating Officer and I could speak with Mr. Dabney alone about his continuing as Of Counsel in 2023 or if he would like his counsel present. Mr.

        Dabney's counsel indicated she would speak with Mr. Dabney and provide a response, but did not.  (Mayer Decl. Ex. 9.)

ii. **November 22, 2022:** Having not received a response, I contacted Mr. Dabney's counsel again and asked if Mr. Cruse and I could contact Mr. Dabney directly to discuss the continuation of his Of Counsel role in 2023.  Again, I did not receive a response.  (Mayer Decl. Ex. 8.)

iii. **November 29, 2022:**  I provided Mr. Dabney with 60-days' notice of termination of his existing Retainer Agreement, and asked to discuss the terms of the continuation of his Of Counsel role in 2023.  Mr. Dabney's counsel responded that Mr. Dabney was not willing to discuss his role after the Retainer Agreement's expiration.  (Dabney Supplemental Decl. Ex. 10.) On January 3, 2023, counsel for Mr. Dabney advised me that Mr. Dabney requested that he be treated as a Retired Partner after January 31, 2023.  (Mayer Decl. Ex. 8 at 2.)

iv. **January 10, 2023:** I responded to an email from Mr. Dabney and notified him that he still had the opportunity to continue as Of Counsel with the Firm.  (Mayer Decl. Ex. 10.)

v. **February 6, 2023:** After Mr. Dabney requested to become a Retired Partner and then objected to the communication the Firm sent him to that effect, I reminded Mr. Dabney and his counsel that the Firm repeatedly attempted to negotiate the continuation of his Of Counsel role to no avail and offered again to engage in discussions.  Mr. Dabney and his counsel did not engage.  (Mayer Ex. A hereto.)

      vi. **March 13, 2023:** Mr. Dabney's counsel declined the Firm's offer to discuss with Mr. Dabney his continuing to provide services as Of Counsel. (Mayer Ex. B hereto.)

      vii. **March 17, 2023:** The Firm's counsel sent Mr. Dabney's counsel a letter providing two possible options for Mr. Dabney to choose from going forward. One option contemplated Mr. Dabney's continued service as Of Counsel to the Firm. Mr. Dabney instead filed this action. (Dabney Decl. Ex. 25.)

Despite these repeated efforts, at no time during this period did Mr. Dabney or his counsel make any attempt to engage with me or anyone else at the Firm to negotiate an agreement under which Mr. Dabney could continue to provide services through the Firm as Of Counsel.

12. The correspondence with Mr. Dabney after November 29, 2022 repeatedly requests that he advise the Firm as to the status of his active client matters and how they will be handled. In particular on February 9, 2023, counsel for Mr. Dabney advised the General Counsel of the Firm that "Mr. Dabney is lead counsel of record on multiple pending matters. He had intended, and intends, to finish off these matters as a Retired Partner of HHR." (Mayer Ex. C hereto.)

13. The "pending matters" were identified by Mr. Dabney's counsel on February 13 as requested by the Firm's General Counsel. (Mayer Ex. D hereto.)

14. The Firm sought to ensure that pending client matters were being attended to and on February 22 advised Mr. Dabney that it would preserve his access to Firm systems so as to permit the transition of client responsibilities. (Mayer Ex. E hereto.)

6

15. As set forth in Dabney Decl. Ex. 25, counsel for the Firm advised counsel for Mr. Dabney that he had until March 22, 2023 to advise the Firm whether he would return to the Firm as Senior Counsel/Of Counsel or be a Retired Partner with no further access to the Firm systems after March 30.

16. March 30, 2023 was the deadline for the filing of a brief on behalf of a client in the Ninth Circuit Court of Appeals. Mr. Dabney had been responsible for that matter and did sign and file a brief on that date in the name of HHR. (Second Dabney Decl. Ex. 8.) Mr. Dabney recorded no time in the Firm's timekeeping system for his work in that matter. The time entries of other lawyers at the Firm recount working with Mr. Dabney on the brief.

17. The Firm remains concerned that Mr. Dabney is using his title as a Retired Partner to continue working on matters for Firm clients. Mr. Dabney has not made use of the Firm's time recording system, and I do not actually know what matters Mr. Dabney has continued to work on since he stopped recording time into our system at the end of January. Nor do I know how he has explained his current status to Firm clients. Nor do I know whether or not Mr. Dabney is following Firm rules restricting trading in securities to avoid conflicts of interest, nor our various other procedures. To the best of my knowledge Mr. Dabney has not been in any of our offices since 2020. At this point it is fair to say that even though he is no longer a partner in the Firm, Mr. Dabney's activities in the name of the Firm are not supervised, and this is not satisfactory to the Firm.

18. While the Firm respects that Mr. Dabney has a dispute with the Firm regarding his benefits as a Retired Partner, it is contrary to the Partnership Agreement and Policy Memorandum No. 3 for Mr. Dabney to practice law in the name of the Firm in that status.

*Signature on following page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of May, 2023, New York, New York.

Theodore V.H. Mayer