# EXHIBIT C

## Salzman, Michael E.

| | |
|---|---|
| **From:** | Anne L. Clark <aclark@Vladeck.com> |
| **Sent:** | Thursday, February 9, 2023 5:32 PM |
| **To:** | Salzman, Michael E. |
| **Subject:** | RE: James Dabney [IWOV-iManage.FID533128] |

**CAUTION:** This email was sent by someone outside of the Firm.

Dear Michael:

Mr. Dabney exercised his right, under Section 11.D of the HHR Restated Agreement of Partnership as amended December 1, 2014, and March 24, 2021 (the "Partnership Agreement"), to retire from the Firm effective January 1, 2022.

Mr. Dabney accessed and downloaded a copy of Policy Memorandum No. 3 on November 1, 2021, from the HHR system that presented it to him (the "2021 PM3"). The 2021 PM3 consisted of only nine pages. HHR's back-up tapes will show how many pages were, in fact, in the 2021 PM3, if it comes to that.

In connection with the negotiation of the Retainer Agreement dated November 15, 2021 (the "2021 Retainer Agreement"), Mr. Dabney explicitly refused and declined to accept "Senior Counsel" status. Mr. Dabney's legal relationship to the Firm after December 31, 2021, was that of a "retired Partner" providing services to the Firm under the terms of the 2021 Retainer Agreement.

After the Firm gave notice of its intent to terminate the Retainer Agreement, Mr. Dabney exercised his right to become a "Retired Partner" under paragraph 8 of the 2021 PM3. Nothing in the 2021 PM3, or even in the questionable February 2023 Document that you sent, purports to require a Retired Partner to cease "practicing law," to quote your e-mail of today's date.

The 2021 PM3 obligates the Firm to include Retired Partners in all group insurance coverages made available to partners in the Firm, including group liability insurance coverage, so long as a Retired Partner "is not engaging in competition with the Firm." Mr. Dabney has done nothing that constitutes "competition with the Firm." Despite this, the Firm has excluded Mr. Dabney from group insurance coverages made available to partners in the Firm, in clear and indisputable breach of the Partnership Agreement and the 2021 PM3.

Mr. Dabney is lead counsel of record on multiple pending matters. He had intended, and intends, to finish off these matters as a Retired Partner of HHR. Your demand that Mr. Dabney abandon these matters, or else have his Firm e-mail and telephone number cut off, is fundamentally inconsistent with HHR's obligations to Mr. Dabney under the Partnership Agreement, the 2021 PM3, the duty of good faith that the Firm owes Mr. Dabney, and the duty to refrain from retaliation under 29 U.S.C. § 623(d). It is also contrary to client interests.

We trust that you will be guided in your actions accordingly.

Anne L. Clark
Vladeck, Raskin & Clark, P.C.
565 Fifth Avenue, 9th Floor
New York, New York 10017
Tel: (212) 403-7332
Email: aclark@vladeck.com

1

**From:** Salzman, Michael E. <michael.salzman@hugheshubbard.com>
**Sent:** Thursday, February 9, 2023 10:34 AM
**To:** Anne L. Clark <aclark@Vladeck.com>
**Subject:** James Dabney

Hi Anne,

First, the document I sent was a scan I made Monday night of precisely what is, and has been, on the Hugheshub intranet for years, in the page order and form found there. I did not put it together Monday; I printed it out Monday night from the Hugheshub because you told Ted Mayer that you could not open the link he provided. The Executive Committee approved it in November 2017 at the time it approved the next-to-last revision to Policy Memorandum No. 3, when the categories of Retired Partner and Senior Counsel were created, pursuant to the provision therein calling for the Executive Committee to set the criteria for the Senior Counsel position.

Second, regardless, you have now repeated that Mr. Dabney elects not to be a Senior Counsel, with conceded knowledge of what that entails in the way of minimal continuing obligations and benefits. And so he is not Senior Counsel. The Senior Counsel category was created precisely so that partners no longer practicing for Firm clients, but still interested in remaining involved in the life of the Firm, could do so while observing the minimal obligations of confidentiality, securities trading restrictions, and the like that come with access to our electronic systems and offices.

Third, the distinction we make between Senior Counsel and Retired Partners is not at all punitive or discriminatory. Numerous others have become Retired Partners, freed of continuing obligations to the Firm. Having retired from Hughes Hubbard, and elected not to be a Senior Counsel, Mr. Dabney is no longer practicing law with Hughes Hubbard. That is what "retired" means in common parlance ("having left one's job and ceased to work"). It follows that he would likely no longer be within the attorney-client privilege, would not be subject to restrictions on trading in securities of our clients, and would not be held out as practicing with the Firm. These are the reasons why he, like other Retired Partners, will not be permitted access to the Firm's client files or to maintain an office.

If Mr. Dabney confirms to us promptly that he will not be practicing law for clients apart from the Firm, in addition to not practicing through the Firm, we are fine for now with his continuing to use his Firm email address and assigned phone number, with Firm files removed from the phone. Please confirm this.

Mr. Dabney can keep his things in the office as is for the moment, but we anticipate needing to empty it in the relatively near future. We will let you know when that time arrives.

Thanks
-Michael


**Michael E. Salzman** | General Counsel

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 11th floor | New York | NY 10004-1482
Office +1 (212) 837-6833 | Cell +1 (917) 386-4293 | Fax +1 (212) 299-6833
michael.salzman@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Anne L. Clark <aclark@Vladeck.com>
**Sent:** Tuesday, February 7, 2023 2:02 PM

2

**To:** Salzman, Michael E. <michael.salzman@hugheshubbard.com>
**Subject:** RE: James Dabney [IWOV-iManage.FID533128]

CAUTION: This email was sent by someone outside of the Firm.

Dear Michael:

We have the scanned composite document which accompanied your e-mail dated February 6, 2023 (the "February 2023 Document").

In our view, the February 2023 Document does not justify the adverse actions threatened in Mr. Cruse's letter dated February 1, 2023, for several reasons.

First, the February 2023 Document appears to be a scan of physical document(s) made on February 6, 2023. The February 2023 Document conflicts with the copy of Policy Memorandum No. 3 that HHR made available to Mr. Dabney and that Mr. Dabney reasonably relied on when he gave notice of retirement and retired from the Firm effective January 1, 2022.

Second, the final two pages of the February 2023 Document refer to a "Senior Counsel" position that Mr. Dabney explicitly rejected and refused to take when he retired. After December 31, 2021, Mr. Dabney provided services to the Firm as a "retired Partner," not as a "Senior Counsel." The final two pages of the February 2023 Document are thus irrelevant to Mr. Dabney.

Third, not even the February 2023 Document states that a Retired Partner will, by virtue of retiring, have his or her telephone number and e-mail address disabled. HHR's threatened cut-off of Mr. Dabney's e-mail address and telephone number is discriminatory and, it would appear, retaliatory.

Without prejudice to Mr. Dabney's rights, we renew our request that HHR maintain Mr. Dabney's existing email address and telephone number and Citrix access pending resolution of his pending ADEA claim.

Mr. Dabney had hoped to have a dignified retirement and to remain publicly associated with HHR as a Retired Partner. Mr. Dabney would prefer that his personal effects and office furniture remain where they are until such time as the Firm may have need for the space; however, Mr. Dabney will cooperate with any effort to empty his office at this time.

Regards,

Anne

**From:** Salzman, Michael E. <michael.salzman@hugheshubbard.com>
**Sent:** Monday, February 6, 2023 6:22 PM
**To:** Anne L. Clark <aclark@Vladeck.com>
**Subject:** James Dabney

Anne,

Ted has asked me to send you a copy of Policy Memorandum No. 3, with its attachment (pages 10 and 11 of this PDF). This is how it appears, and has appeared, on our Hugheshub intranet for years.

Thanks
-Michael

**Michael E. Salzman** | General Counsel

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 11th floor |  New York | NY 10004-1482
Office +1 (212) 837-6833 | Cell +1 (917) 386-4293 | Fax +1 (212) 299-6833
michael.salzman@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.


Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.